[No. 2,439.]

## HIBBARD S. DANIELS *v.* FLETCHER T. LANSDALE.

PREMATURE FILING OF DECLARATORY STATEMENT. — The filing of a declaratory statement in the Register's office before the Surveyor General files the plat of the survey, is premature and of no effect.

APPEAL from the District Court of the Eighth Judicial District, County of Humboldt.

The facts are stated in the opinion.
The plaintiff had judgment and the defendant appealed.

*H. W. Havens* and *Elisha Cook*, for Appellant.

*Charles Westmoreland*, for Respondent.

By the Court, RHODES, J.:

It appears from the cross-complaint that the parties were contesting preëmption claimants of the land in controversy; that the plat of the survey was filed with the Register of the proper Land Office, on the 26th day of April, 1856; that the defendant filed his declaratory statement February 20th, 1856; that the plaintiff filed his declaratory statement October 11th, 1858; that after a hearing of the contest before the Register and Receiver of the local Land Office, and before the Commissioner of the General Land Office, and finally before the Secretary of the Interior, the right of preëmption

was awarded to the plaintiff, and subsequently a patent was issued to him. There are allegations in the cross-complaint, the purpose of which is to show that the decision of the Secretary of the Interior was procured by fraudulent acts and practices of the plaintiff; but that portion of the case need not be considered, as there is one point upon which the Court below was clearly right in sustaining the demurrer to the cross-complaint. The defendant's declaratory statement was filed before the Surveyor General had filed the plat of the survey in the Register's office. The declaratory statement was filed prematurely, and was therefore a nullity. Such is the current of the decisions of the Land Department, though there is one case, and perhaps more, to the contrary. It would seem to be no more unreasonable or illogical, to hold that the filing of a complaint, before the cause of action had accrued, would be valid, as the first step in the commencement of an action, than to hold that the filing of a declaratory statement, before the time authorized by law, was valid as a preëmption claim. The defendant had no standing in the contest before the officers of the Land Department, as he did not show that he occupied the status of a preëmption claimant, and he now claiming no right to the land, except in the capacity of a preëmption claimant, cannot be heard to aver that the plaintiff holds the land in trust for him.

Judgment affirmed.