## LANSDALE *v.* DANIELS.

A settler upon unsurveyed public lands in California, who filed no declaratory statement after the return of the plat of the survey to the proper local land-office, could not, under the act of March 3, 1853 (10 Stat. 244), acquire by his settlement a right of pre-emption.

ERROR to the Supreme Court of the State of California.

The facts and the assignment of errors are stated in the opinion of the court.

*Mr. Rodney Mason* for the plaintiff in error.

*Mr. W. W. Cope* and *Mr. Walter Van Dyke, contra.*

MR. JUSTICE CLIFFORD delivered the opinion of the court.

Pre-emption rights of the kind in controversy are regulated by the act of March 3, 1853 (10 Stat. 244), from which it appears that unsurveyed as well as surveyed lands, not exempted by the same act, are subject to the pre-emption laws, with all the exceptions, conditions, and limitations expressed in such, unless otherwise herein provided. Provision is also made for the appointment of a surveyor-general and of a register and receiver, with the same powers and duties as conferred and prescribed under the prior pre-emption laws. Official surveys were to be made, and the same section which gives the right to pre-empt the lands provides that, where unsurveyed lands are claimed, the usual notice of such claim shall be filed within three months after the returns of the plats of surveys to the land-office.

Proceedings in the nature of an action of ejectment were

instituted by the plaintiff to recover certain lands situated in Humboldt County, California, and damages for their detention. Service was made ; and the defendant appeared and filed what is called in the State practice an answer and cross-complaint, in which he admits possession, but denies that it is wrongful, and sets up a pre-emption title to the lands.

Complete title to the lands is claimed by the plaintiff under a patent from the United States, issued to him as a pre-emptor. On the other hand, the defendant claims that he was justly and legally entitled to the patent, which was wrongfully issued to the plaintiff ; and the object of the cross-complaint is to establish a trust in favor of the defendant, and to compel the plaintiff to convey the lands to the defendant.

Every allegation of the cross-complaint being denied by the plaintiff, he demurred to the same, and showed for cause as follows : 1. That it does not appear by the allegation of the same that the defendant filed the required notice of his claim in the land-office for the district within three months after the plats of the survey of the lands were returned to the said land-office.   2. That it appears that all the matters in controversy had previously been determined and adjudicated by a competent tribunal in an issue respecting the title to the same property between the same parties.   3. That it does not appear that the defendant ever made the proof required by law before the register and receiver of the land-offices, prior to the day appointed for the commencement of the sale of the land. 4. Because the cross-complaint shows that the defendant did not in person occupy the land for nearly a year before the cross-complaint was filed.

Hearing was had ; and the court of original jurisdiction sustained the demurrer and rendered judgment for the plaintiff, which, on appeal, was affirmed by the Supreme Court.   Being dissatisfied with the judgment, the defendant sued out a writ of error, and removed the cause into this court.

Errors assigned here are as follows : 1. That the court below erred in sustaining the demurrer to the cross-complaint. 2. That the court erred in affirming the judgment of the subordinate State court.   3. That the court erred in holding that the declaratory statement of the defendant was a nullity because it

was filed before the plats of survey were returned into the land-office by the surveyor-general.

Sufficient appears to show that the land was unsurveyed, and that the plaintiff made entry and settlement of the land in controversy on the first day of November, 1853, before the plats of survey were made; that the defendant made entry and settlement on the same quarter-section the 22d of February, 1854, the land being still unsurveyed. Nothing is exhibited in the record to enable the court to ascertain the precise date of the survey, but it appears that the defendant filed his notice of claim or declaratory statement prior to the return of the plats of survey to the local land-office, the record showing that the declaratory statement of the defendant was filed on the twentieth day of February, 1856, and that the plats of the surveys of the land were not returned into the local land-office until the 26th of April following.

Congress has provided that where unsurveyed lands in that State are claimed by pre-emption, the usual notice of such claim shall be filed within three months after the return of plats of surveys to the land-officer, and proof and payment shall be made prior to the day appointed by the President's proclamation for the commencement of the sale, including such lands.

Declaratory statements under the original act might be made within three months after the return of the plats of surveys to the local land-offices, and it was effectual as a step to secure the right, if it was made within one year from the passage of the act, which last provision was amended by a subsequent act, and extended to settlements made prior to and within two years after the passage of the amendatory act. 12 Stat. 410.

Due settlement of the quarter-section in controversy was made by the plaintiff more than four months before the defendant entered upon it and commenced his settlement, but he did not file the usual notice of claim or declaratory statement until the 11th of October, 1858, more than two years after the amendatory act went into operation. Authority to file such a declaratory statement within three months after the plats of survey are returned into the local land-offices is expressly given by the act of Congress, but there is no authority given to file

before that time; from which it appears that the declaratory statement filed by the defendant was premature. Attention to that subject was called on the trial of the case in the court below, and the Supreme Court of the State held that the statement of the defendant, inasmuch as it was filed without authority of law, was a nullity, and this court adopts that conclusion as correct.

System and order are essential in administering the land-offices, and if a party may anticipate the time for such an act as prescribed by law for two months, it is not perceived why he may not for two years, or even for a longer period, which would necessarily introduce confusion, uncertainty, and irregularity of practice in the local offices of the Land Department. For these reasons the court is of the opinion that the declaratory statement filed by the defendant is inoperative and without any legal effect. *Daniels* v. *Lansdale*, 43 Cal. 41; 1 Lester's Land Laws, 400; Copp's Land Laws, 420.

He filed his declaratory statement more than two months before the return of the plats of survey, and in direct violation of the law upon the subject, which required it to be filed within three months after such return, as appears from the explicit language of the act; nor can the court relieve the defendant from the consequences of his failure to comply with the express requirement.

Opposed to that is the suggestion that the statement remained in the local land-office when the plats of survey were returned there; but that circumstance will not remove the difficulty, as it was made and filed without authority of law, and was in every sense an unofficial document not belonging to the office. Such a notice of claim or declaratory statement is indispensably necessary to give the claimant any standing as a pre-emptor, the rule being that his settlement alone is not sufficient for that purpose.

Attempt is made to show that the plaintiff failed to comply with the requirements of the pre-emption laws as to the settlement, occupancy, and cultivation of land entered for pre-emption; but the court is of the opinion that the defence in that regard is wholly unsustained. Nothing of moment is alleged in the answer to support the alleged defect, except that the

plaintiff purchased a dwelling-house, instead of erecting the one which he occupied. His entry and occupancy of the tract are admitted; and the court is of the opinion that it is immaterial whether he built the dwelling-house himself or hired an agent to erect it for him, or whether he purchased it after it was built by another, provided it appears that he was the lawful owner of the dwelling-house, and made the entry and settlement in good faith, and continued to occupy and cultivate the land, as required by the pre-emption laws. Enough appears to show that the dwelling-house was there on the land, and that it was owned, possessed, and occupied by the plaintiff as his home more than three months before the defendant entered and attempted to make his settlement. 1 Lester's Land Laws, 424.

Suppose that is so, still the defendant insists that he was entitled to the patent because the plaintiff did not file his declaratory statement until more than two years after the plats of the survey of the land were returned into the local offices. Grant that, but it only shows that both parties settled upon the land while it was unsurveyed, and that each was to some extent in fault in filing his declaratory statement, the difference being that the defendant filed his before he had any right to file it under the pre-emption act, which rendered it a nullity, and that the plaintiff did not file the required notice of claim until the time allowed by the amendatory act had expired. Such a notice, if given before the time allowed by law, is a nullity; but the rule is otherwise where it is filed subsequent to the period prescribed by the amendatory act, as in the latter event it is held to be operative and sufficient unless some other person had previously commenced a settlement and given the required notice of claim. *Johnson* v. *Towsley*, 13 Wall. 72, 91.

Tested by that rule, it is clear that the equity of the plaintiff is superior to that of the defendant, as the latter never filed any other notice of claim than that which preceded the return of the plats of survey into the local land-offices.

Other defences failing, the defendant contends that the plaintiff failed to comply with the requirements of the pre-emption laws in other respects; but the court is of the opinion

that the defence in that regard is not made out, it appearing that he had a dwelling-house thereon, of which he was the lawful owner, and that his occupancy was continuous, either in person or by his tenant. 5 Stat. 455, sect. 10; 1 Lester's Land Laws, 424.

Beyond doubt, the declaratory statement of the defendant was a nullity, as it was filed at a time when the act of Congress gave it no effect; and it is equally clear that the notice of claim was not seasonably filed by the plaintiff, but the entry and settlement of the plaintiff were first made, — from which it follows that the equity, as between him and the defendant, is decidedly in his favor, the universal rule in such cases being that in the adjustment of such controversies the superior equity must prevail. Story, Eq. Jur. (9th ed.) sect. 64 *d*. *Qui prior est in tempore potior est in jure.* Jeremy, Eq. Jur. 285, 286; *Boone* v. *Chiles*, 10 Pet. 177; Adams's Equity (ed. 1872), 148.

Nor does the plaintiff rely entirely upon the proposition that his is the superior equity, which of itself is sufficient to show that the judgment below must be affirmed; but it also appears that the parties were fully heard before the Land Department, where the decision was in his favor, and that he now holds the patent for the land; from which it follows that the legal title is in the plaintiff.

Neither of the parties complied strictly with the law in filing the declaratory statement; but inasmuch as the plaintiff holds the legal title and the superior equity, it is clear that the defendant has no such standing in court as will justify a court of equity in interfering in his behalf.

Complaint is made by the defendant of the decision of the Land Department in granting the patent to the plaintiff, but it is too clear for argument that no case is made to warrant the court here in reversing that decision. *Shepley* v. *Cowan*, 91 U. S. 330; *Moore* v. *Robbins*, 96 id. 530.

Reference to these authorities is sufficient to show that the defendant is not entitled to the relief asked; but if the law were otherwise, it would not benefit the defendant, as he does not show what questions were litigated before the land-officers, nor does the record contain any specification as to what the

rulings of the officers were in regard to any particular point. It appears that there was a contest between the parties there, and that the case was decided in favor of the plaintiff; out the grounds of the decision are not stated. Such being the state of the pleadings, it is impossible to say that any error of law was committed by the tribunal.

Viewed in any light, it is clear that there is no error in the record, and the assignment of errors must be overruled.

*Judgment affirmed.*