# NORTHERN PACIFIC RAILROAD COMPANY
## *v.* COLBURN.

ERROR TO THE SUPREME COURT OF THE STATE OF MONTANA.

No. 70. Argued October 27, 1896. — Decided November 30, 1896.

The Supreme Court of the State of Montana having decided adversely to the plaintiff in error a claim of title to land under an act of Congress, a Federal question was thereby raised.

No preëmption or homestead claim attaches to a tract of public land until an entry in the local land office; and the ruling by the state court that occupation and cultivation by the claimant created a claim exempting the occupied land from passing to the railroad company under its land grant, is a decision on a matter of law open to review in this court.

The facts found below were not of themselves sufficient to disturb the title of the railroad company under the grant from Congress.

ON April 23, 1892, defendant in error, as plaintiff, filed in the district court of the county of Gallatin, Montana, his com-

plaint against the railroad company to recover a sum of money paid as the contract price of a tract of land conveyed by it to him. The contract was alleged to have been made on January 16, 1886, by the company, with Nathan Frost, who, in the same year, transferred his interest to John R. Foster, who, in 1888, in like manner conveyed to the plaintiff. Payments by the terms of the contract were to be made and were made on January 16 of the years 1886, 1887, 1888, 1889, 1890 and 1891. The complaint further alleged that the railroad company did not have and could not convey any title to the land; that in January, 1891, in certain proceedings in contest, the Secretary of the Interior decided that the land did not pass under the land grant to the railroad company, but was subject to entry and patent under the general land laws of the United States; and that during that year a patent was issued to the plaintiff.

The railroad company answered, setting up the act of Congress of July 2, 1864, c. 217, 13 Stat. 365, making to it a land grant of twenty alternate sections per mile on each side of its road in the Territories of the United States; the filing on February 21, 1872, in the office of the Commissioner of the General Land Office, of its map of general route, as provided in section six of the act; the like filing on July 6, 1882, of its line of definite location; the construction of its road; that this land was not mineral; was free from preëmption and other claims; was in an odd-numbered section within forty miles of its line of general route and twenty miles of its road as definitely located and constructed, and situated within the Territory of Montana; and alleged that thereby it acquired full title. It set forth in terms the contract of January 16, 1886, with Nathan Frost, the various transfers by which, on January 15, 1888, the plaintiff obtained title thereto, admitted the payments, and alleged an execution and delivery to the plaintiff of a deed, in conformity to the terms of the contract; and further, that his possession had never been disturbed or his title assailed or impaired. It admitted that at the time of the filing of the map of definite location one Horace F. Kelly claimed to be occupying and cultivating the land, but denied that he had made any entry or filing in the local land office.

It alleged that in 1888, Foster, plaintiff's immediate grantor, contested the right of the railroad company to this land, that a contest thereon was had in the land office and finally on appeal before the Secretary of the Interior, who held that Kelly's cultivation and occupation created a claim which he could have perfected under the public land laws, and therefore excepted the land from the scope of the company's grant. It denied that a patent had been issued to the plaintiff, or to any one else, and alleged that prior to plaintiff's purchase of the contract from Foster he knew of the claim that the land was not within the scope of the company's land grant and was not its property.

To this answer a demurrer was filed by the plaintiff which was sustained by the circuit court, and a judgment rendered for the plaintiff. Thereupon the case was taken to the Supreme Court of the State, which affirmed the judgment, 13 Montana, 476, and the railroad company sued out this writ of error.

*Mr. C. W. Bunn* for plaintiff in error.

No appearance for defendant in error.

Mr. Justice Brewer, after stating the case. delivered the opinion of the court.

A motion is made to dismiss for lack of a Federal question. The contention is that the defendant disclosed in its answer a decision of the land department; that it is bound by its own pleadings; and that having pleaded this decision of the land department, that decision is final and conclusive until set aside in a direct proceeding instituted for that purpose. This motion must be overruled. The answer of the company alleged the Congressional land grant, and the facts and circumstances which under that grant created, as claimed, a title in it to the land. It is true it also set up certain proceedings in the land department, but that was by way of answer to the allegations in the complaint of a decision by that department claimed by the plaintiff to be controlling, and disclosed

in detail the facts upon which that decision was based and the terms of the decision itself in order to show that such decision was ineffective to disturb the title which it took by virtue of the land grant and the proceedings had thereunder. If the company had relied upon this decision as its defence against the action, and the court had decided in favor of its validity, a different conclusion might be reached. The judgment of the Supreme Court of the State was adverse to the claim of title made by the company. It denied to it the right which it asserted under the act of Congress, and a Federal question is, therefore, presented.

On the merits of the case it may be observed that the burden of the decision of the Supreme Court of the State is that because the land department had decided adversely to the claim of the railroad company and because no direct proceedings had been had to set aside that decision, it was conclusive against the company. In this we think the learned court erred. The facts set up in the answer in reference to the land grant, the filing of the map of the line of general route and also that of definite location, the situation of the land, and its freedom from record claims, were such as to *prima facie* vest a title in the company. It is true it is also disclosed by the answer that one Kelly was in occupation, or at least cultivating the land at the time of the filing of the map of definite location, and the decision of the land department as to that fact undoubtedly concludes both parties. And if it be true, as matter of law, that mere occupation or cultivation of the premises at the time of the filing of the map of definite location, unaccompanied by any filing of a claim in the land office then or thereafter, excludes the tract from the operation of the land grant, the decision of the Supreme Court of Montana was right. But frequent decisions of this court have been to the effect that no preëmption or homestead claim attaches to a tract until an entry in the local land office. Thus, in the case of *Kansas Pacific Railroad* v. *Dunmeyer*, 113 U. S. 629, 644, Mr. Justice Miller, speaking for the court, said:

"Of all the words in the English language, this word

'attached' was probably the best that could have been used. It did not mean mere settlement, residence or cultivation of the land, but it meant a proceeding in the proper land office, by which the inchoate right to the land was initiated. It meant that by such a proceeding a right of homestead had fastened to that land, which could ripen into a perfect title by future residence and cultivation."

This language was quoted and the decision reaffirmed in *Hastings & Dakota Railroad* v. *Whitney,* 132 U. S. 357; *Whitney* v. *Taylor,* 158 U. S. 85. In *Lansdale* v. *Daniels,* 100 U. S. 113, 116, it was ruled that " such a notice of claim or declaratory statement is indispensably necessary to give the claimant any standing as a preëmptor, the rule being that his settlement alone is not sufficient for that purpose." See also *Maddox* v. *Burnham,* 156 U. S. 544. Now in this case the allegations are that Kelly never made any entry in the local land office, and the decision of the Secretary of the Interior is based simply on the fact of occupation and cultivation. And while the decision of that fact may be conclusive between the parties, his ruling that such occupation and cultivation created a claim exempting the land from the operation of the land grant, is a decision on a matter of law which does not conclude the parties, and which is open to review in the courts.

In this connection it may be borne in mind that the act of Congress operated to pass the fee of the land to the company, and this independently of the issue of a patent. *St. Paul & Pacific Railroad* v. *Northern Pacific Railroad,* 139 U. S. 1, 6; *Deseret Salt Company* v. *Tarpey,* 142 U. S. 241. While it is alleged in the complaint that a patent had been issued to the plaintiff, this fact is denied in the answer, so that the case is presented of a mere decision of the Secretary of the Interior that the plaintiff was entitled to a patent and not that of a patent already issued.

Though a patent had been issued it would not follow that that is conclusive in even an action at law, and that in all cases some direct proceeding to set aside the patent is necessary. *Burfenning* v. *Chicago, St. Paul &c. Railway,* 163 U. S. 321, and cases cited in the opinion.

There are other questions in this case, such as the significance of an "expired filing," the omission in the Northern Pacific land grant of the word "attached" in respect to preëmption claims which seems to have been deemed by this court significant in the construction of the Union Pacific and other land grants, the question whether, after the filing of the map of· general route on February 21, 1872, any rights of preëmption or homestead could be acquired in this land, and also whether, as plaintiff had not been disturbed in his possession and made his payments with notice of all the facts, he must not be held to have made such payments voluntarily or only under a mistake of law, and so be precluded from recovering. But as none of these matters were considered by the Supreme Court of the State, and are not noticed by counsel for defendant in error, we deem it unwise to make any observations thereon, leaving them for consideration in the future progress of the case.

·For the reasons above indicated, because the decision of the land department was only on matters of fact and·did not conclude the law of the case, and because such facts so found were not of themselves sufficient to disturb the title of the railroad company, the judgment is

*Reversed and the case remanded to the Supreme Court of the State for further proceedings not inconsistent with this opinion.*