UNITED STATES v. CENTRAL PAC. R. CO. et al.

(Circuit Court, N. D. California.    December 23, 1897.)

No. 4,857.

PUBLIC LANDS—PRE-EMPTION—EXTENT OF CLAIM.
    A pre-emptor, settling on and improving an 80-acre tract of government land, is not entitled to extend his claim over an adjoining 80 acres in another section, upon which he has not made any improvement, nor done any act evidencing his claim, as against a subsequent grantee of the government, merely because he was entitled to pre-empt 160 acres.

This is an action by the United States against the Central Pacific Railroad Company, E. R. Lunt, and K. J. Nichol to cancel a patent to certain land.

H. S. Foote, U. S. Atty., and Samuel Knight, for the United States.

Joseph D. Redding, and Wm. Singer, Jr. (Wm. F. Herrin, of counsel), for defendants.

MORROW, Circuit Judge.    The act of July 25, 1866 (14 Stat. 239), granting lands to aid in the construction of a railroad and telegraph line from the Central Pacific Railroad, in California, to Portland, Or., provided, in section 2:

"That there be, and hereby is, granted  *  *  *  every alternate section of public land, not mineral, designated by odd numbers, to the amount of twenty alternate sections per mile (ten on each side) of said railroad line; and when any of said alternate sections or parts of sections shall be found to have been granted, sold, reserved, occupied by homestead settlers, pre-empted, or otherwise disposed of, other lands, designated as aforesaid, shall be selected by said companies in lieu thereof."

The map of location of the route of the California & Oregon Railroad & Telegraph line, under this statute, was filed in the office of the secretary of the interior on the 13th day of September, 1867, and on the 29th day of October, 1867, the lands lying within the limits of the grant were withdrawn from sale by the commissioner of the

general land office.    The E. ½ of the N. E. ¼ of section 33, in town-ship 22 N., of range 4 E., Mt. Diablo base and meridian, is situated within the primary limits of this grant, and a patent was issued therefor on the 24th of January, 1880, to the Central Pacific Railroad Company, as the successor to the land interests of the California & Oregon Railroad Company.    The present action is brought by the United States to cancel the patent for this subdivision of land, on the ground that the patent was issued through mistake, inadvertence, and error, the right of a pre-emption claimant having attached at and prior to the time the line of railroad was definitely fixed and located.    It appears that in 1858 one Michael Lannon settled upon the W. ½ of the N. W. ¼ of section 34, township 22 N., of range 4 E., and that in May, 1871, he built a house and moved upon the E. ½ of the N. E. ¼ of section 33 in the same township, having some time prior thereto cleared, fenced, and had an orchard and vineyard on the last-named tract of land.    The E. ½ of the N. E. ¼ of section 33, and the W. ½ of the N. W. ¼ of section 34 were adjoining subdivisions of the public, unsurveyed lands, containing 80 acres each, and consti-tuting together the limit of 160 acres of a pre-emption claim under the laws of the United States.    Michael Lannon qualified himself to pre-empt land February 11, 1867, by filing his intention to become a citizen of the United States.    The official plat of the survey of the land in question was filed in the United States land office December, 1878, and Michael Lannon filed his pre-emption, declaratory state-ment for the land May 21, 1879.    It is contended that, as Lannon became a qualified pre-emptor February 11, 1867, and was at that time a settler upon public unsurveyed lands of the United States, his pre-emption claim had attached when the map of the location of the railroad was filed with the secretary of the interior on the 13th day of September, 1867.    He was a settler on the W. ½ of the N. W. ¼ of section 34, but the question remains, was he at that time a settler on the E. ½ of the N. E. ¼ of section 33,—the land involved in this suit?    The evidence in the record does not establish that fact.    He did not build a house and move upon the last-named subdivision until May, 1871.    It is true, he claims to have made some improvements on this subdivision of land prior to that time, but not earlier than 1869,—two years after the right of the railroad company had at-tached.    The only claim he appears to have to this particular sub-division, as against the claim of the railroad company, is the fact that he was entitled to pre-empt 160 acres of land, and the particular subdivision of section 34, upon which he settled in 1858, and resided upon down to 1871, contained only 80 acres; that the adjoining sub-division of section 33, containing 80 acres, made up the full tract of 160 acres, and both together constituted his pre-emption claim. This is, clearly, not sufficient.    As the land was unsurveyed, Lannon could not initiate his claim by taking proper proceedings in the land office, but he could have indicated his purpose to claim the land by some act of settlement or residence upon or cultivation of this par-ticular subdivision, and, to establish a better right than the claim of the railroad company on this ground, it should appear that he made this claim prior to September 13, 1867, when the right of the railroad

company to that section became fixed by the location of the line of the road. Having a residence upon a subdivision of section 34, it was not necessary that he should move upon section 33 in order to make a subdivision of that section part of his pre-emption claim of 160 acres, but he was at least required to place some improvement upon it in the way of clearing, fencing, or by cultivation, to indicate that it was part of his claim, and, failing in this, I am of the opinion that there was no priority in the pre-emption claim to the land in dispute, that the grant to the railroad attached at the time the line of the road was definitely fixed, and that the patent was properly issued. In this view of the evidence, it will not be necessary to consider the question whether public land could be deemed pre-empted prior to the filing of the declaratory statement by the settler in the land office. Railroad Co. v. Colburn, 164 U. S. 383, 17 Sup. Ct. 98. Let a decree be entered in favor of the defendants.