The UNITED STATES of America,
Plaintiff,

v.

William Edwin CONNERY, Defendant.

No. 2054.

United States District Court
N. D. Florida,
Pensacola Division.

Sept. 3, 1969.

Clinton Ashmore, U. S. Atty., Tallahassee, Fla., for the Government.

Richard P. Warfield, Pensacola, Fla., for defendant.

## SUMMARY FINAL JUDGMENT

ARNOW, Chief Judge.

This cause is before this Court on plaintiff's motion for summary judgment. Plaintiff has previously filed a complaint for injunction and this Court issued a temporary restraining order dated March 5, 1969.

The facts, agreed upon by the parties, and undisputed, are as follows:

The Plaintiff is the owner of certain land described in the complaint which is located on Perdido Island. Defendant knew that the Plaintiff owned this land and therefore felt that he could enter the land and homestead it. Defendant first occupied the land on December 2, 1967, and on April 26, 1968, he moved his mobile home onto the property and established his legal residence there. Defendant filed a homestead application under 43 U.S.C. § 161 and § 162. This application was rejected by the Manager of the New Orleans Office of the Bureau of Land Management on April 30, 1968. The Defendant appealed the Manager's decision to the Department of Interior before the Appeals Council. The Director affirmed the rejection of the homestead application by a decision dated July 24, 1968.

Since July of 1968, Plaintiff has been requesting Defendant to vacate the land and Defendant has been maintaining his possession of the land claiming right of possession under the homestead law.

The land involved in this action was formerly withdrawn from the public for

military purposes by Executive Order No. 8508, dated August 8, 1940. Public Land Order 1603, issued in 1958, revoked the previous military withdrawal and Executive Order and the land was classified for disposal pursuant to the Act of June 14, 1926, (44 Stat. 741) as amended by the Act of June 4, 1954. 68 Stat. 173; 43 U.S.C. § 869.

The Plaintiff claims that since this land was classified under 43 U.S.C. § 869 and has not been reclassified it is not available for homestead purposes. Defendant claims that if the land is classified under 43 U.S.C. § 869 and an application to use such land for recreational purposes is not filed within eighteen (18) months the Secretary of Interior is mandatorily required to restore the lands to appropriation under applicable "public land laws."

The original act, passed in 1926, gave the Secretary of Interior the power to withhold from appropriation public lands which had been classified by him as chiefly valuable for recreational purposes. The act did not, however, authorize the Secretary to classify or withdraw land that was located in a Territory of the United States.

The 1954 Amendment changed much of this language. In examining the 1954 Amendment there must be kept in mind that by this time all vacant public lands, except those in Alaska, had been, with certain exceptions, withdrawn from entry, selection and location under the nonmineral land laws. 43 C.F.R. § 2410.0–3; Executive Order 6910, of November 26, 1934; Executive Order 6964 of February 5, 1935; Act of June 28, 1934 (48 Stat. 1269), as amended (43 U.S.C. § 315).

The 1954 amendment changed the language of the original act and the Secretary of Interior was no longer authorized by the act to withdraw land from appropriation or to classify it for recreational purposes. This appears consistent with the fact there was no longer any land available to be appropriated, so there was no need to withdraw or classify. The Secretary, however, still had the power under Executive Order No. 10355 of May 26, 1952, 17 F.R. 4831 to withdraw or reserve lands of the public domain. It seems apparent, however, the 1954 amendment recognized that Alaska presented a different problem. Alaska still had land available for appropriation. The amendment authorized the Secretary to classify lands in Alaska for disposition under this act and such lands were not to be appropriated under any other public land law unless the Secretary revised the classification. The amendment included for the first time the provision that, if within eighteen (18) months following such classification, no application for the land was filed, then the Secretary should restore such land to appropriation under the applicable public land laws. It seems apparent, and the Court holds, this eighteen (18) month limitation only applied to land located in Alaska. The Secretary, with certain exceptions, was no longer concerned with classifying and withdrawing land for recreational purposes that was located within the boundaries of the United States. In fact, Section 1 of the 1954 amendment gave the Secretary the power to dispose of, pursuant to the act, *any* public lands, except those excluded in Section 1(c), which were within the United States.

It was only in Alaska that the Secretary was to classify land on authority of this act and it was only in Alaska that the Secretary was required to reclassify the land if a petition for the land was not filed within eighteen (18) months. This provision now appears as 43 U.S.C. § 869 and contains the same language as the 1954 amendment.

Even if the eighteen (18) month limitation discussed in 43 U.S.C. § 869 is applicable to the land involved in this case the defendant does not have a valid homestead claim. 43 U.S.C. § 141 states that the President may, at any time in his discretion, temporarily withdraw from settlement or entry any of the public lands of the United States and reserve the same for classification of

lands or other public purposes and such withdrawal shall remain in force until revoked by him or by an act of Congress.

By Executive Order No. 10355, dated May 26, 1952 (17 F.R. 4831) the President delegated to the Secretary of Interior the authority vested in the President by 43 U.S.C. § 141. Public Land Order 1603 issued by the Secretary on March 18, 1958, would therefore continue in effect until changed by an act of Congress or by a later order from the President or the Secretary of Interior. If the Secretary of Interior does have a mandatory duty to reclassify the land within eighteen (18) months, as contended by Defendant, then he might be compelled by proper action to perform his duty. But, Defendant could have no right to homestead, nor right to take possession, until that reclassification had been made.

▆▆▆ The fact that Defendant has occupied the land and made improvements does not give him any vested rights therein against the United States. Northern Pacific Railroad Co. v. Colburn, 164 U.S. 383, 17 S.Ct. 98, 41 L.Ed. 479 (1896). Here Defendant has gone further and has made application for homestead. However, as stated in 43 C.F.R. § 2411.1–3, the filing of a petition-application gives no right to occupy or settle upon the land. A person shall be entitled to the possession and use of land only after his entry, selection, or location has been allowed, or a lease has been issued. Settlement on the land prior to that time constitutes a trespass. As Defendant has no vested rights in the land the Secretary of Interior or his delegated authority possesses the power under 43 U.S.C. § 141 and Executive Order No. 10355, May 26, 1952, 17 F.R. 4831, to withdraw this land from the public at any time and to reclassify it. Here, of course, the Secretary has denied the application. This, in effect, is a withdrawal of the land.

There is here presented no genuine issue as to any material fact and Plaintiff is entitled to summary judgment as a matter of law.

Therefore, it is

Ordered and adjudged as follows:

1. Plaintiff's motion for summary judgment should be and it is hereby granted.

2. Final summary judgment is hereby entered in favor of Plaintiff and against Defendant.

3. A permanent injunction is hereby issued requiring the Defendant, and his servants, agents or any employees or any persons under contract to the Defendant to remove within sixty (60) days from the public land described in the complaint, to-wit:

Florida, Tallahassee Meridian

T. 3 S., R. 31 W., Sec. 24 Lot 3

Sec. 25 Lot 2

Sec. 28 Lots 1

and 2

Sec. 30 Lot 2

all enclosures, machinery, animals, trailers and wire fencing, or any other personal property thereon or thereto affixed.

4. The temporary restraining order entered on March 5, 1969, is hereby dissolved.

5. Costs will be taxed against the Defendant.