## JONES v. UNITED STATES.
### No. 13013.

United States Court of Appeals
Ninth Circuit.
March 26, 1952.

---

Warren A. Taylor, William V. Boggess, Fairbanks, Alaska, for appellant.

Wm. Amory Underhill, Asst. Atty. Gen., Roger P. Marquis, Elizabeth Dudley, Attys., Department of Justice, Washington, D. C., Everett W. Hepp, U. S. Atty., Fairbanks, Alaska, for appellee.

Before MATHEWS, ORR and POPE, Circuit Judges.

POPE, Circuit Judge.

The United States instituted this action against Nell Kelly and Thomas Jones, by filing its "complaint in ejectment". The complaint alleged that the United States was the owner and entitled to the possession of the northwest quarter of Section 34, Township 2 South, Range 3 East, Fairbanks Meridian, in the Fairbanks Recording District, Fourth Division, Territory of Alaska, which was embraced within a certain withdrawal of public land, and that the defendants Kelly and Jones unlawfully withheld possession of the same. Upon trial before a jury, the court directed a verdict for the United States. Defendant Jones appeals from the judgment on this verdict.

The principal contention of the appellant is that the Government did not make a case

sufficient to warrant a directed verdict against the defendants. With respect to this question, it was made to appear from the testimony that on December 2, 1938, by an executive order made pursuant to the Act of June 25, 1910, c. 421, 36 Stat. 847, as amended by the Act of August 24, 1912, c. 369, 37 Stat. 497, Title 43 U.S.C.A. §§ 141, 142, 143, certain lands, including the quarter section here involved, were withdrawn from settlement, location sale or entry, the withdrawal being for flood control purposes.[1]

Appellant questions the sufficiency of the withdrawal order, as it appears that section 34, here described, was not surveyed until 1949, and the order described it as "unsurveyed". Appellant says, "it is difficult to understand how such a withdrawal order could affect a nonexistent section of land or a part thereof."

■ We think it clear that the rule, applicable to private entries on public land, that "until surveyed no * * * sections could exist. Unsurveyed lands are not public lands",[2] was one adopted for the purpose of preserving "the power of the government to make its own surveys", United States v. Montana Lumber & Mfg. Co., 196 U.S. 573, 25 S.Ct. 367, 368, 49 L.Ed. 604, and does not operate to limit the Government's right, in the public interest, to withdraw lands, whether by reference to numbers of sections as yet unsurveyed, or otherwise.

It was shown that "during the winter of 1943", the defendant Kelly had constructed a building known as Moose Creek Lodge, which the defendant Jones operated as a resort or road house. It was proven by the testimony of a competent engineer, who made a survey during a recess of the trial, that the Moose Creek Lodge was in fact located upon this northwest quarter of section 34. Defendant Kelly had been claiming ownership of the land upon which the Lodge was erected only since 1943. The only document which she attempted to file

with respect to her claim described the land as the southwest quarter of section 27 in the township and range above referred to.

Jones testified that he was occupying Moose Creek Lodge. He was not permitted to introduce in evidence a lease from Nell Kelly to himself dated March 4, 1948, providing for a term of five years, and describing the southwest quarter of section 20. The court also rejected defendant Jones' offer to prove that he had expended in excess of $50,000 in improvements upon the Lodge.

■ We think that the court properly granted the Government's motion for a directed verdict. The land in question had been within a Government reservation since December 2, 1938, and the wholly ineffectual claim of the defendant Kelly, who in turn had attempted to lease to Jones, did not originate prior to 1943. Kelly and Jones were therefore mere trespassers upon the property. What Jones had expended for improvements was immaterial and the offered lease was properly rejected by the court.

■ Appellant asserts that it was incumbent upon the United States to prove a demand for possession as a prerequisite of its right to maintain its action. Since the appellant's possession was wrongful, no such demand was required. Chavez v. Bergere, 231 U.S. 482, 490, 34 S.Ct. 144, 58 L.Ed. 325.

■ It is asserted also that the defendants acquired some equity in the property because agents of the Bureau of Land Management stood idly by while Kelly built the Moose Creek Lodge upon the property in question and for five years permitted the defendant Jones to make additional improvements there without bringing any action or taking any steps to eject him from the land in question. Obviously no such action on the part of the Government agents could affect the Government's title or right to possession here. Utah Power & Light Co.

1. Lands withdrawn under this Act were open to location of metalliferous mining claims. There is no claim that any such locations were made here.

2. United States v. Northern Pacific Ry. Co., 311 U.S. 317, 344, 61 S.Ct. 264, 277, 85 L.Ed. 210.

v. United States, 243 U.S. 389, 409, 37 S.Ct. 387, 61 L.Ed. 791.

■ Finally, complaint is made that the court abused its discretion in refusing to permit the defendants during the trial, to file an amended answer. As the new matter in the proposed amendment stated no defense, and did no more than assert an interest under the lease mentioned above, which, it was claimed, was intended to describe, not the land here in question, but the southwest quarter of section 27, the court was plainly right in refusing permission to file it.

We find no error in the record and the judgment is affirmed.