**UNITED STATES v. ANDERSON et al.**

No. 6188.

District Court, Alaska
Fourth Division, Fairbanks.

June 30, 1953.

Robert J. McNealy, U. S. Atty., of Fairbanks, Alaska, and Edgar Paul Boyko, Anchorage, Alaska, for plaintiff.

Warren A. Taylor, of Fairbanks, Alaska, for defendant.

PRATT, District Judge.

Upon the 31st day of July, 1947, the United States Department of the Interior, Bureau of Land Management, promulgated Public Land Order No. 386 (hereinafter designated PLO). Among many things, it provided that there was to be withdrawn, for classification and survey, from all forms of appropriation under the public land laws, a strip of land 300 feet on each side of the center line of the Alaska Highway from the Canadian Border to its junction with the Richardson Highway near Big Delta, Alaska, about 110 miles southeast of the town of Fairbanks, Alaska. PLO 386, July 31, 1947; 1947 Supplement T. 43 to 50; Federal Register Code 1947, p. 6163.

In the month of November 1947 Arthur Anderson, George Gilbertson, and Louis Riley decided to ascertain if there was any public land available to them for a roadhouse business near Big Delta. They were particularly interested in the triangular piece of land formed by the junction of the Alaska Highway and the Richardson Highway.

Anderson and Riley went to the office of the Bureau of Land Management of the Department of the Interior in Fairbanks, Alaska, for information. The attendant read to them PLO No. 386 and told them there was no open land in the vicinity in which they were interested. He further told them that the land in the vicinity of Big Delta was reserved for designated purposes and the red line placed upon the map in the land office was the boundary of the

reserve. Messrs. Anderson and Riley pondered over PLO 386 but were unable to get a reasonable reservation from it. They seemed to have a feeling that the Bureau of Land Management employee was in error, as none of his maps showed detailed boundaries. They went to Big Delta again and by inquiring around found stakes and lines marked with numbers meaningless to them. They interviewed the commanding officers of the Big Delta and Ladd Air Force Bases and were unable to get the information they were seeking.

Upon the 13th of January, 1948, Arthur Anderson located five acres of said triangle. Upon the 21st day of January, 1948, he filed in the office of the United States Commissioner and ex-officio Recorder at Fairbanks a "Notice of Staking and Use of 5 Acre Headquarters and Business Site with Description thereof."

The recording of said notice was not required or permitted by law or by Department regulation.

PLO No. 386 aforesaid reserved 5,440 acres of land for said Buffalo Center. The triangular piece of ground staked by Anderson was well within the exterior boundaries of Buffalo Center as classified and as set forth in said PLO No. 386.

Mr. Riley severed his connection with the other two, who continued their venture by building and operating a large roadhouse, power plant, and so forth, and carrying on a business therein.

Several PLO's which affected PLO No. 386 were promulgated with the following effect:

PLO No. 448 T.43 p. 696 revokes PLO No. 386 as far as it affects U. S. Surveys Nos. 2727 and 2728. As U. S. Surveys 2727 and 2728 do not conflict with the land in controversy, PLO 448 may be disregarded.

PLO 601, August 16, 1949, T.43 Edition of CFR, page 198, revokes such part of PLO No. 386 as relates to withdrawal for highway purposes. Said PLO 601 then again provides for a reservation 300 feet on each side of the Alaska Highway and other through roads and a smaller right-of-way for less important roads. The Buffalo Center reserve is not affected by PLO 601.

PLO 757, October 16, 1951, 1949 Code of Federal Register T.43 page 295 Cumulative Supplement for use in 1952, amends PLO No. 601 with reference to highway width. It has no effect on the Buffalo Center reservation.

PLO 765, November 23, 1951, reserves a tract of land not conflicting with the tract of land in controversy in this case. It merely reserves a tract north and west of the triangle involved in this case and takes in the land whereon the Signal Corps buildings stand.

PLO 808, Federal Register dated February 27, 1952, published in Federal Register of March 5, 1952, page 1942, cuts off a tract of land on the north and on the east of the original tract set aside by PLO 386. It does not conflict with the land involved in this case. PLO 808, following the custom of the Bureau of Land Management, revokes PLO 386 and makes a reservation which is a copy of that of PLO 386 but with the description, after cutting off the parts on the east and north side of the tract, as originally described in said PLO 386.

As is shown above, neither Arthur Anderson nor George Gilbertson or either of them ever made a valid filing or any filing in the Bureau of Land Management for the land involved in this case. They were mere trespassers at all times, the notice of staking filed by Anderson being of no effect and the land being at all times a part of the Buffalo Center reserve or the reserve for townsite purposes under PLO 808. Jones v. United States, 9 Cir., 195 F.2d 707.

The attorneys for plaintiff may prepare and submit findings of fact and conclusions of law pursuant to the matters herein set forth and the evidence in this case.