UNITED STATES of America, Plaintiff,

v.

Jon W. OSTERLUND, Defendant.

Civ. A. No. 79–K–1428.

United States District Court,
D. Colorado.

Jan. 15, 1981.

William C. Danks, Asst. U. S. Atty., Denver, Colo., for plaintiff.

John R. Henderson, Boulder, Colo., for defendant.

## ORDER

KANE, District Judge.

The United States filed this action on October 18, 1979, alleging that defendant Jon W. Osterlund's occupation of real property situated at Section 23, Township 1 North, Range 72 West, 6th P.M. (Sec. 23, T.1N, R.72W., 6th P.M.), Boulder County, Colorado, in the Arapahoe-Roosevelt National Forest, constitutes trespass. Plaintiff further alleges that since occupying the above real property, defendant has removed timber, rocks, and minerals belonging to plaintiff, constructed pathways and trails, and is maintaining improvements and personalty on the property. Finally plaintiff alleges that defendant has been advised that his occupation is unauthorized and thus unlawful, but has refused to vacate the subject land and remove the improvements.[1] Plaintiff seeks an order requiring defendant to vacate the subject land and remove all improvements, personal property, litter, etc., and rehabilitate the site to its natural state. Plaintiff also seeks permission to take possession and title to said improvements and personal property, which are not removed from the subject lands by the defendant within a specific period to be determined by this court, and a judgment against defendant for any reasonable expenses which may be incurred by the plaintiff in disposing of them.[2] Plaintiff has moved for summary judgment.

Defendant does not dispute the fact that the Osterlund residence encroaches on land that is part of the Roosevelt National Forest. Rather, defendant contends that the remedy sought by plaintiff is in essence a mandatory injunction requiring the removal of the encroaching part of defendant's home from national forest lands. Defendant contends that such a remedy is equitable in nature which lies within the sound discretion of the court and in this instance would be unreasonable.[3] In support of these contentions defendant asserts that the house was built by a predecessor in title upon patented and unpatented mining claims. It was later found to be immediately astride a national forest boundary. The actual national forest boundary was not clearly defined until decades after the house was built and defendant's predecessors in title believed the house to lie on Bureau of Land Management managed lands which they acquired from the United States by purchase of government lot No. 43. Not until 1966 did a survey demonstrate that the house was partially on national forest lands and during the last two decades the Forest Service had not taken any action to reclaim the lands.[4] Therefore, the defendant contends, the equitable result should be to let him remain on the subject land and pay damages to plaintiff.

Taking defendant's assertions as true and in a light most favorable to him, I am still without power to grant the relief he requests. Having demonstrated that title is in the United States, plaintiff is entitled to judgment as a matter of law. For the reasons that follow, plaintiff's motion for summary judgment must be granted.

Plaintiff has established the following facts:

1. Sec. 23, T.1N., R.72W., 6th P.M., is part of the Roosevelt National Forest.[5]

---

1. Plaintiff's Complaint, ¶ 5.

2. Plaintiff's Motion for Summary Judgment, ¶'s 1, 2, 3.

3. Brief in Opposition to Plaintiff's Motion for Summary Judgment, p. 5.

4. Ibid.

5. Affidavit of John V. Welch and accompanying exhibits.

2. The "Osterlund House," except for a small part of the southeast corner, lies within the boundaries of the Boulder District of the Arapahoe-Roosevelt National Forest, at Sec. 23, T.1N, R.72W., 6th P.M.[6]

3. Mr. Osterlund occupied the "Osterlund House" and was conducting activities, on National Forest lands, consisting of removing timber, grazing livestock, constructing fences, selling timber, and constructing pathways and trails.[7]

4. Mr. Osterlund has never produced a deed, other document or instrument purporting his rights to the lands occupied by the building he claims.[8]

5. Mr. Osterlund paid real property taxes, on the building, but paid no real estate taxes on the land occupied by that building.[9]

6. Mr. Osterlund has occupied the building since at least January 13, 1978.[10]

7. As of May 18, 1980, there are no unpatented mining claims located by or conveyed to Mr. Osterlund which would cover the lands over and immediately adjacent to the building claimed by him.[11]

█ The government has, with respect to its own lands, the rights of an ordinary proprietor, to maintain its possession and to prosecute trespassers. It may deal with such lands precisely as a private individual may deal with his property. *Camfield v. United States*, 167 U.S. 518, 524, 17 S.Ct. 864, 866, 42 L.Ed. 260 (1896); *United States v. Atlantic-Richfield Co.*, 478 F.Supp. 1215 (D.Mont.1979); *United States v. Connery*, 303 F.Supp. 828 (D.Fla.1969); *United States v. Fraser*, 156 F.Supp. 144 (D.Mont.1957), aff'd, 261 F.2d 282 (9th Cir. 1958). In *Utah Power and Light Co. v. United States*, 243 U.S. 389, 37 S.Ct. 387, 61 L.Ed. 791 (1916) the United States sought to enjoin the continued occupancy and use, without its permission, of certain of its lands in forest reservations in Utah as sites for works employed in generating and distributing electric power. In deciding whether state or federal law governed disposition of the claim the court stated:

"... We are of the opinion that the inclusion within a state of lands of the United States does not take from Congress the power to *control their occupancy and use*, to *protect them from trespass and injury and to prescribe the conditions upon which others may obtain rights in them* even though this may involve the exercise in some measure of what commonly is known as the police power." (Emphasis added) 243 U.S. at 404, 37 S.Ct. at 389.

Thus the United States can protect its lands against trespassers.

█ Trespass is defined as an entry upon the real estate of another without the permission or invitation of the person lawfully entitled to possession. Restatement 2d of Torts, §§ 158–159. One who without right, enters public lands of the United States is a trespasser. *See also, Jones v. United States*, 195 F.2d 707 (9th Cir. 1952); *United States v. Hunter*, 236 F.Supp. 178 (D.Ca. 1964) aff'd in part, modified in part, 388 F.2d 148 (9th Cir. 1967). It is uncontroverted that defendant has no right to the land in question. He has produced no deed or other document purporting his rights in the land and has paid no taxes on it.

█ In addition there are no unpatented mining claims located by or conveyed to Mr. Osterlund which would cover the land over and immediately adjacent to the building he claims. *United States v. Allen*, 578 F.2d 236 (9th Cir. 1978), involved mining claims that were declared null and void by an administrative proceeding. Defendant's sought to stay on the property which was admittedly public land. The court held:

---

6. Affidavit of Virginia G. Hite and Exhibit A.

7. Affidavit of John L. Gregory and accompanying exhibits, ¶ 6.

8. Id.

9. Id., ¶ 3.

10. Id., ¶ 11.

11. Id., ¶ 12 and ¶ 13.

"Congress, . . ., has enacted legislation reserving to the United States the right to manage vegetative surface resources on an unpatented claim and specifically stating that any claims... 'shall not be used... for any purpose other than prospecting, mining or processing operations and uses reasonably incident thereto.'" Even if the mining claims near or around the subject land were valid at one time, such a determination would not justify the continued occupancy and use of the land for other than mining purposes. While the right of a mining claimant under a valid discovery has been said to be that of exclusive possession, such possession can be maintained against the United States for mining purposes only. *United States v. Nogueira*, 403 F.2d 816, 824 (9th Cir. 1968). So even if the structures in question were built and occupied pursuant to past mining claims,[12] in the absence of any mining operation, defendant has no right contrary to those of the general public. *United States v. Allen*, 578 F.2d at 238.

■ Defendant also contends that it is equitable to allow him to remain on the land and pay damages to the plaintiff. In support of this contention it is alleged that defendant and his predecessors in title have been living on the land for years and they believed in good faith that they had acquired title by the purchase of government lot No. 43. In addition, the trespass has been longstanding and innocent. Since its discovery in the early sixties, the Forest Service has taken no action against defendant or his predecessors in title.[13] In essence defendant argues that he has obtained

rights to the land by his and his predecessor in title's continuous possession and occupancy of the subject lands and the failure of the Forest Service to take action to the contrary. Defendant cites numerous cases applying equitable principles in such circumstances between private owners. However, no right by prescription may be obtained against the government. *United States v. Hunter*, 236 F.Supp. 178 (D.Ca. 1964). In *United States v. California*, 332 U.S. 19, 67 S.Ct. 1658, 91 L.Ed. 1889 (1946) the State of California argued that the federal government's paramount rights to ocean areas were lost by reason of the conduct of its agents. Defendants asserted that by this conduct the government is barred from enforcing its rights by reason of principles similar to laches, estoppel,[14] or adverse possession. The court held:

"... Even assuming that government agencies have been negligent in failing to recognize or assert the claims of the government at an earlier date, the great interests of the government in this ocean area are not to be forfeited as a result. The government which holds its interests in trust for all the people, is not to be deprived of those interests by the ordinary court rules designed particularly for private disputes over individually owned pieces of property; and officers who have no authority at all to dispose of the government's property cannot by their conduct cause the government to lose valuable rights by their acquiescense, laches, or failure to act." 332 U.S. at 39, 40, 67 S.Ct. at 1668, 1669.

12. The affidavit of Mr. John L. Gregory states "On June 3, 1980 I contacted Ms. Peggy Flood, Realty Specialist for the BLM, Northeast Area Resource Office, pursuant to 43 CFR Part 3833, Recordation of Unpatented Mining Claims. The BLM master index shows that as of May 18, 1980, there is no record of any new unpatented mining claims located by Mr. Osterlund, which would cover the lands over and immediately adjacent to the building claimed by him.

13. Defendant's Response to Plaintiff's Motion for Summary Judgment, ¶'s 11, 12, 13, 14, 15.

14. *But see United States v. Ruby Co.*, 588 F.2d 697 (9th Cir. 1978) where the court held that

estoppel may be applied against the government if the following criteria are met: 1) The party to be estopped must know the facts; 2) He must intend that his conduct shall be acted on or must so act that the party asserting the estoppel has a right to believe it is so intended; 3) The latter must be ignorant of the true facts; 4) He must rely on the former's conduct to his injury; 5) There must be affirmative misrepresentation or affirmative concealment of material fact by the government.

It is clear that the instant case does not come within the above criteria.

Similarly in *Jones v. United States*, 195 F.2d 707, 709 (9th Cir. 1952) the court held that defendants did not acquire equity in property because agents of the Bureau of Land Management stood idly by while a lodge was built upon the property in question and for five years permitted the defendants to make additional improvements without bringing any action or taking any steps to eject them from the land in question. The court held that no such action on the part of government agents could affect the government's title or right to possession. The fact that this defendant occupied the land and made improvements does not give him any vested rights therein against the United States. *United States v. Connery*, 303 F.Supp. 828 (Fla.1969). In sum, the government plays by a different set of rules. Whether fair or not, a court, under these circumstances, is without power to effect a just result. Defendant's remedy must be obtained from the Congress rather than the courts. Accordingly, it is

ORDERED that plaintiff's motion for summary judgment is hereby granted. Defendant is ordered to cease and desist from trespassing on plaintiff's property. Within 180 days defendant shall remove all structures; improvements and personalty which he owns from plaintiff's lands. Each party shall bear its or his own costs.