**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Jon W. OSTERLUND,**
**Defendant-Appellant.**

**No. 81–1383.**

United States Court of Appeals,
Tenth Circuit.

Argued and Submitted Feb. 3, 1981.

Decided March 2, 1982.

John R. Henderson of Vranesh, Raisch & Aron, Boulder, Colo., for defendant-appellant.

William C. Danks, Asst. U. S. Atty., Denver, Colo. (Joseph Dolan, U. S. Atty., for D. Colorado, Denver, Colo., with him on the brief), for plaintiff-appellee.

Before McWILLIAMS, McKAY and SEYMOUR, Circuit Judges.

McKAY, Circuit Judge.

The United States instituted this action for trespass against Jon W. Osterlund after it determined that his residence was situated on property within the boundaries of the Arapahoe-Roosevelt National Forest. After a hearing on the government's motion for summary judgment, the district court entered judgment against Mr. Osterlund as a matter of law.[1] He was ordered to refrain from trespassing on national forest land. In addition, the government requested, and the district court granted relief in the form of a judgment requiring Mr. Osterlund to vacate the property and to remove all structures, improvements, and personal property from national forest land within 180 days.[2]

Appellant argues that in a case such as this the court, in the exercise of its equitable discretion, should have awarded damages to the government so that appellant could retain possession of the land. In essence, appellant urges that he should be permitted to buy from the government the land on which his house is located. We agree with the district court, however, that when the government seeks to evict a tres-

---

1. The facts involved in this case are set forth in elaborate detail in the district court's published order at 505 F.Supp. 165 (D.Colo.1981).

2. The order of the district court reads in part: "Defendant is ordered to cease and desist from trespassing on plaintiff's property. Within 180 days defendant shall remove all structures; improvements and personal property which he owns from plaintiff's lands." 505 F.Supp. at 169. The wording of this order is very broad, and does not deal with the issue of whether the

government can compel Mr. Osterlund to remove structures that he did not place on the land. The two-story wood and stone house on national forest land was apparently built in 1933. Because this issue was raised for the first time during oral argument, we need not reach this issue on appeal. We express no view on the question of the government's power to compel Mr. Osterlund to remove the structure or to pay the government the cost of removal.

passing person or thing from national forest land, the courts are powerless to award damages in lieu of an order enjoining continued occupancy of the land.

The Constitution reserves to Congress the power to manage and control federally owned lands.[3] The Supreme Court has stated that this congressional power is unlimited. *See, e.g., Kleppe v. New Mexico*, 426 U.S. 529, 539, 96 S.Ct. 2285, 2291, 49 L.Ed.2d 34 (1976); *United States v. California*, 332 U.S. 19, 27, 67 S.Ct. 1658, 1662, 91 L.Ed. 1889 (1947); *see also Sabin v. Berglund*, 585 F.2d 955, 957–58 (10th Cir. 1978). Congress has "the power to control [the] occupancy and use [of federal lands], to protect them from trespass and injury, and to prescribe the conditions upon which others may obtain rights in them . . . ." *Utah Power & Light Co. v. United States*, 243 U.S. 389, 405, 37 S.Ct. 387, 389, 61 L.Ed. 791 (1917).

Appellant does not dispute that the surveys in evidence establish that his house is situated on federal lands. Indeed, appellant's bill of sale recited that fact. Furthermore, tax records show that he paid taxes only on his structures, not on the land. Once it was established that Mr. Osterlund was a trespasser on national forest land, the government had the right to enjoin his continued occupancy and use of that land. The courts have no power to adjust the parties' equities in determining title to federal lands as against the federal government because, as the Supreme Court has stated, "[t]he power over the public land thus entrusted to Congress is without limitations. 'And it is not for the courts to say how that trust shall be administered. That is for Congress to determine.'" *Alabama v. Texas*, 347 U.S. 272, 273, 74 S.Ct. 481, 98 L.Ed. 689 (1954) (citing *United States v. California*, 332 U.S. at 27, 67 S.Ct. at 1662). If the district court had granted the relief requested by appellant, at most it would have forced the government to sell part of the national forest and, at a minimum,

would have prescribed conditions for appellant's continued occupancy of the land. The court is without power under the Constitution to take such action.

Appellant also argues that the grant of summary judgment was inappropriate because certain factual issues concerning the details of his predecessor's title and the history of the national forest boundaries should be resolved at trial.[4] However, we agree with the district court that the pertinent issues in this case are issues of law that can appropriately be resolved on a motion for summary judgment.

We hold that the district court correctly granted the government's motion for summary judgment and ordered appropriate relief. The order of the district court is therefore AFFIRMED.

---

**3.** Art. IV, § 3, cl. 2, states: "The Congress shall have Power to dispose of and make all needful Rules and Regulations respecting the Territory or other Property belonging to the United States."

**4.** Appellant also argues that a further factual inquiry may reveal facts that establish estoppel against the government. However, we agree with the district court that the elements of estoppel are not present in this case. *United States v. Osterlund*, 505 F.Supp. at 168 n.14.