UNITED STATES Postal
Service, Plaintiff,

v.

## BLACK HAWK MASONIC TEMPLE ASSOCIATION, INC., Defendant.

### Civ. A. No. 92–K–1354.

United States District Court,
D. Colorado.

Sept. 9, 1992.

---

Richard C. Kaufman, Asst. U.S. Atty., Denver, Colo., for plaintiff.

Jan Montgomery, Hamilton & Faatz, Denver, Colo., for defendant.

## ORDER DISMISSING CASE FOR LACK OF JURISDICTION

KANE, Senior District Judge.

The United States Postal Service leases the first floor of a two story building from the Black Hawk Masonic Temple Association, Inc., where it operates the Black Hawk, Colorado post office. Employees and customers of the post office customarily use a parking lot adjacent to the building when working and conducting business there. In May 1992, the Association gave notice to the Postal Service and another building tenant to vacate the parking lot. The Association has allegedly contracted to sell the lot to a third party for the construction of a gambling casino. Demolition of the lot has already begun.

On July 7, 1992, the Postal Service filed this lawsuit to prevent construction of the casino and to recover use of the lot. It moved for a temporary restraining order and a preliminary and permanent injunction. The parties reached a stipulation for a temporary restraining order and requested leave to schedule a future hearing on the Postal Service's request for a permanent injunction. In an order entered July 16, 1992, I granted their request but ordered them to file briefs addressing my jurisdiction over this lawsuit, with particular attention to the Contract Disputes Act, 41 U.S.C. § 601–612, and 28 U.S.C. § 1346(a)(2).

■ "Jurisdiction is a threshold matter." *United States v. Dickstein*, 971 F.2d 446, 447 (10th Cir.1992). A district court has the power and, in fact, the duty to determine its jurisdiction *sua sponte* and must dismiss the case "whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter." Fed.R.Civ.P. 12(h); *see also Dickstein*, 971 F.2d at 447; *Tuck v. United Servs. Auto. Ass'n*, 859 F.2d 842, 844 (10th Cir.1988), *cert. denied*, 489 U.S. 1080, 109 S.Ct. 1534, 103 L.Ed.2d 839 (1989). I conclude that I have no jurisdiction over this case because it arises under the Contract Disputes Act and must be initiated in accordance with that statute.

Before I questioned my jurisdiction, the Postal Service characterized this action as one involving "fundamental differences between the parties over the interpretation of the lease agreement." (Cert. Compliance D.C.Colo.Loc.R. 7.1, at 2.) It attached the lease agreement to its brief in support of the complaint and motion for preliminary injunction. According to the Postal Service, the legal description of the demised premises in the lease includes not only the first floor of the building, but the parking lot as well. (*See* Affid. of Vicki Gruber, at 1–2.) It argues that its eviction from the

parking lot constitutes a breach of the Association's duty under the lease to maintain the premises in good repair and tenable condition and a breach of the covenant of quiet use and enjoyment. Paragraph 22 of the General Conditions to Short Form Lease provides:

*Claims and Disputes* (May 1983)

(a) This contract is subject to the Contract Disputes Act of 1978 (P.L. 95–563, 41 USC 601–613).

(b) All disputes arising under or relating to this contract shall be resolved under this clause, except for disputes arising out of the labor standards provision of this contract. References to a Disputes clause in other clauses of this contract shall be understood to be references to this Claims and Disputes clause.

(c)(i) "Claim," as used in this clause, means a written demand or assertion by one of the parties seeking, as a legal right, the payment of money, *adjustment or interpretation of contract terms, or other relief arising under or relating to this contract.*

. . . .

(iii) A claim by the Lessor shall be made in writing and submitted to the Contracting Officer for decision. A claim by the Postal Service against the Lessor shall be in the form of decision by the Contracting Officer.

(Mem.Supp.Compl.Inj.Relief, Ex. A at 5) (emphasis added).

■ The Postal Service now claims that this action is not governed by the Contract Disputes Act because the controversy at hand—partial eviction of the lessee—is not contemplated by any term of the lease. I disagree. First, it has long been settled that the Contract Disputes Act applies to leases of real property, including those by the Postal Service. *Forman v. United States*, 767 F.2d 875, 878–79 (Fed.Cir.1985). Thus, many disputes involving the interpretation of lease terms, including similar claims of constructive eviction, have been decided under the Act. *See, e.g., Richardson v. United States*, 17 Cl.Ct. 355 (1989), *aff'd*, 895 F.2d 1421 (Fed.Cir.1990); *Appeal of Kwok*, GSBCA No. 7933, 90–1 B.C.A.

¶ 22,292, 1989 WL 112841 (1989), *aff'd*, 918 F.2d 187 (Fed.Cir.1990).

■ Second, by the Postal Service's admission, this lawsuit involves a dispute over the interpretation of contract terms: whether the parking lot is included within the leased premises. If it is, the Association has breached its duty to maintain the premises in good repair and violated the covenant of quiet enjoyment; if not, the Association is free to use the parking lot in whatever manner it sees fit. I cannot determine whether the Postal Service is entitled to injunctive relief without construing terms of the lease. Therefore, the disputes clause of the lease applies to this controversy, and it must be resolved under the Contract Disputes Act. *See United States v. Triple A Machine Shop, Inc.*, 857 F.2d 579, 583–84 (9th Cir.1988). Jurisdiction is proper only in the Claims Court. *See* 28 U.S.C. §§ 1346(a), 1491.

■ The Postal Service argues, however, that since the Act is limited to claims for monetary damages and the Claims Court does not have jurisdiction to award injunctive relief, jurisdiction in this court is proper. Although agency boards of contract appeals and the Claims Court are powerless to grant injunctive relief, specific performance, or a writ of mandamus in post-award cases, they can determine the contract interpretation issues underlying the parties' dispute. *See Appeal of Hastetter*, PSBCA No. 3064, 1992 WL 144249 at *7 (June 22, 1992) (board has no authority to order ejectment, but can determine respective rights and obligations of parties under lease); *Appeal of Ester*, PSBCA No. 1559, 87–2 B.C.A. ¶ 19,719, 1987 WL 40688 (Mar. 24, 1987). Moreover, the Postal Service has remedies in addition to its common-law remedy of injunctive relief. It can terminate the lease and seek relocation costs, or it can abate the amount of rental it pays. Simply because the Postal Service is precluded from seeking injunctive relief under the Act does not establish the district court's jurisdiction. *Manshul Constr. Corp. v. United States*, 687 F.Supp. 60, 62 (E.D.N.Y.1988).

The Postal Service also contends that because the government has no right to appeal a decision by the contracting officer directly to the Claims Court or to the board of contract appeals, jurisdiction must be proper here. This argument puts the cart before the horse. Under the Act, a prerequisite to a claim by a contractor or the government is a decision by the contracting officer. 41 U.S.C. § 605(a) (all claims by the government against a contractor must be "the subject of a decision by the contracting officer"); *see also Joseph Morton Co. v. United States*, 757 F.2d 1273, 1280 (Fed.Cir.1985). If the contractor disagrees with this decision, it may then appeal the decision to the Claims Court or the agency's board of contract appeals. *See id.* § 606, 609(a)(1). Thereafter, the remedies available to the contractor and the government are the same. *See* S.Rep. No. 1118, 95th Cong., 2d Sess. 26 (1978), *reprinted in* 1978 U.S.C.C.A.N. 5235, 5260 (appellate provisions of the Contract Disputes Act intended "to insure that the rights given to the contractor and the Government are equal within the remedies system.") Here, the record does not indicate that the contracting officer has issued a decision.

Finally, the Postal Service argues that, notwithstanding the Contract Disputes Act, I have independent jurisdiction over this action. The cases it cites in support of this proposition are distinguishable. The Postal Service relies on *United States v. Osterlund*, 505 F.Supp. 165 (D.Colo.1981), *aff'd*, 671 F.2d 1267 (10th Cir.1982), *United States v. Virginia Electric & Power Co.*, 412 F.Supp. 165 (E.D.N.C.1976), and *United States v. Foresyth*, 321 F.Supp. 761 (D.Colo.1971). In *Osterlund* and *Foresyth*, the government held fee simple title to real property and sought to prevent a trespasser or other wrongdoer from future wrongful acts. Neither case involved a contract potentially subject to the Act. In *Virginia Electric*, a pre-Act case, the court referred the substantive issues underlying the government's lawsuit for injunctive relief to the Comptroller General for an administrative determination. The court advised the government to "first take all steps which might make an alternative remedy available," thereby permitting the litigation to proceed in a "less drastic form." *Id.* at 170. If anything, *Virginia Electric* counsels the government to seek resolution of this dispute in the more specialized administrative forum.

The Postal Service can point to no case involving the interpretation of a contract expressly subject to the Contract Disputes Act in which the government has been permitted to circumvent the Act simply to obtain injunctive relief. *Compare United States v. Triple A Machine Shop, Inc.*, 857 F.2d at 584 & n. 1 (government's ejectment action against former lessee not barred by Act; ejectment action presumes *non-existence* of contract subject to Act). Accordingly, this action is DISMISSED *ex mero motu* for lack of jurisdiction under Fed. R.Civ.P. 12(h).