FILED
United States Court of Appeals
Tenth Circuit

June 5, 2012

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

PHILLIP CHARLES BARHAM,

Plaintiff–Appellant,

v.

TOWN OF GREYBULL WYOMING;
GREYBULL POLICE DEPARTMENT;
BILL BRENNER, Police Chief;
MATTHEW MILLER, Police Officer, in
his individual capacity; BEN
MAYLAND, Police Officer, in his
individual capacity,

Defendants–Appellees.

No. 11-8058
(D.C. No. 1:10-CV-00261-SWS)
(D. Wyo.)

ORDER AND JUDGMENT[*]

Before **BRISCOE**, Chief Judge, **McKAY** and **HARTZ**, Circuit Judges.

Plaintiff was arrested and detained in a county detention center for 224 days on a

$750,000 bond based on sexual assault allegations made against him by a thirteen-year-

old girl and two adult women.  After all of the charges against him were dismissed,

Plaintiff filed this § 1983 action against the officer who swore out the affidavits for his

arrest and search warrants, two other police officers who were involved in executing these

---

[*] This order and judgment is not binding precedent, except under the doctrines of
law of the case, res judicata, and collateral estoppel.  It may be cited, however, for its
persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

warrants, the town police department, and the town itself. In his complaint, Plaintiff raised claims of unlawful arrest and detention, unlawful search and seizure, excessive force, and "embarrassment, ridicule, and loss of enjoyment of life." (Appellant's App. at 44.) The district court granted summary judgment to all Defendants on all claims except for Plaintiff's excessive force claim against the arresting officer. We have appellate jurisdiction over this appeal pursuant to the district court's certification of partial final judgment under Rule 54(b).

As an initial matter, we hold that the district court appropriately decided to convert Defendants' motions to dismiss into motions for summary judgment. In accordance with Rule 12(d), the district court gave the parties notice of its intent to do so and provided them with ten days to submit any additional exhibits. We see no error in this decision, and we therefore reject Plaintiff's argument that some other standard of review should apply. The district court applied the correct summary judgment standards to this case, and we will apply these same standards in our de novo review of the district court's grant of summary judgment. *See Koch v. City of Del City*, 660 F.3d 1228, 1237-38 (10th Cir. 2011).

We first consider Plaintiff's claims relating to his arrest and the first search of his residence based on the alleged minor victim's allegations. Plaintiff does not contend the preparing officer knowingly included any false information in the affidavits in support of the arrest and search warrants. Rather, he argues the officer failed to conduct an adequate investigation into the minor's claims before preparing the affidavits. To support this

argument, Plaintiff focuses mainly on two facts: (1) the fact he has a prosthesis on his lower left leg; and (2) the fact he had a radical retropubic prostatectomy in 2006 that made him incapable of ejaculating semen. As for the first fact, Plaintiff argues the minor's story was called into doubt when the police asked her to describe Plaintiff's legs and she simply stated that he had hairy calves. Plaintiff argues the police should have followed up on this reply and should have asked further questions regarding the prosthesis. He also argues the officers should have included this information in the affidavits. As for his inability to ejaculate semen, Plaintiff alleges the officer who prepared the affidavit was aware of Plaintiff's prostate surgery based on a conversation they had in 2006, and Plaintiff contends a reasonable police officer would have (1) remembered this information, (2) realized that prostate surgery might make a man incapable of ejaculating semen, (3) conducted a further investigation to determine whether Plaintiff's prostate surgery had this result, and (4) asked the minor whether Plaintiff ejaculated semen during the alleged sexual assaults.

"[I]n the context of an unlawful arrest, not only must the plaintiff demonstrate that the officer arrested h[im] without probable cause (that is, that he violated a constitutional right), but also that it would have been clear to a reasonable officer that probable cause was lacking under the circumstances (that is, that the right was clearly established in the specific situation)." *Koch*, 660 F.3d at 1241. Similarly, the individual officers will be entitled to qualified immunity on Plaintiff's unlawful-search claim unless Plaintiff can show both that the search was without probable cause and that it would have been clear to

-3-

a reasonable officer that probable cause was lacking.

After reviewing the record, we conclude that the officers had probable cause to arrest Plaintiff and search his residence. The minor gave specific details regarding several alleged sexual assaults, including some that allegedly occurred at Plaintiff's residence, and the officer who prepared the affidavit knew from personal observation that the minor's description of Plaintiff's residence was accurate. The state judge concluded, and we agree, that the minor's allegations were sufficient to establish probable cause. *Cf. Easton v. City of Boulder*, 776 F.2d 1441, 1449-50 (10th Cir. 1985); *see also Messerschmidt v. Millender*, 132 S. Ct. 1235, 1245 (2012) ("Where the alleged Fourth Amendment violation involves a search or seizure pursuant to a warrant, the fact that a neutral magistrate has issued a warrant is the clearest indication that the officers acted in an objectively reasonable manner . . . ."). We are not persuaded that the minor's failure to mention the lower-leg prosthesis was sufficient to vitiate probable cause, which "does not require certainty of guilt or even a preponderance of evidence of guilt, but rather only reasonably trustworthy information that would lead a reasonable person to believe an offense was committed." *United States v. Patane*, 304 F.3d 1013, 1018 (10th Cir. 2002), *reversed on other grounds*, 542 U.S. 630 (2004). Even if this fact had been mentioned in the affidavit, the affidavit still contained more than enough reasonably trustworthy information to give rise to probable cause. Nor can the police officers be found constitutionally liable based simply on their failure to ask the minor any questions about the prosthesis or about ejaculation. The officers' failure to ask these questions did not

rise to the level of reckless disregard for the truth. At most, Plaintiff's arguments allege the investigation was negligent, but this is insufficient to establish a constitutional violation under *Romero v. Fay*, 45 F.3d 1472, 1477-78 (10th Cir. 1995). *See also Ricciuti v. N.Y.C. Transit Auth.*, 124 F.3d 123, 128 (2d Cir. 1997). ("Once a police officer has a reasonable basis for believing there is probable cause, he is not required to explore and eliminate every theoretically plausible claim of innocence before making an arrest.").

We turn next to Plaintiff's claim that Defendants violated his constitutional rights by obtaining and executing two subsequent search warrants based on the stories of the two alleged adult victims. Again, Plaintiff does not contend Defendants knowingly included any false information in the affidavits in support of these warrants. Rather, he argues the officers failed to conduct an adequate investigation. He points for support to later-discovered evidence that shows several flaws in the alleged victims' stories. Again, however, we conclude that any inadequacies in the investigation did not rise to the level of recklessness and thus fail to establish a constitutional violation under *Romero v. Fay*, 45 F.3d at 1479. And, like the state court judge, we conclude that the officers had probable cause at the time the warrants were obtained and executed.

At oral argument, Plaintiff contended his constitutional rights were also violated by Defendants' execution of the search warrant, in that the officers failed to properly mark or identify property they seized, with the result that not all of his property was returned to him. The district court concluded that this allegation should be treated as a state law claim for conversion, which the court declined to exercise supplemental

-5-

jurisdiction over.  In his opening brief, Plaintiff did not dispute this characterization of his claim or the district court's decision not to exercise supplemental jurisdiction over it, and we therefore decline to consider any arguments regarding this claim.  *See United States v. Osterlund*, 671 F.2d 1267, 1267 n.2 (10th Cir. 1982) ("Because this issue was raised for the first time during oral argument, we need not reach this issue on appeal.").

Plaintiff suggests his constitutional rights were also violated by the filing of charges against him.  However, Plaintiff has not asserted any legal basis on which Defendants could be found liable for the prosecutor's decision to file charges.  He does not allege or show that Defendants exerted any pressure or influence or made any knowing misstatements to the prosecutor, and thus the chain of causation was broken by the prosecutor's decision to file charges as well as by the state court's decision to bind Plaintiff over at the preliminary hearing.  *See Taylor v. Meacham*, 82 F.3d 1556, 1564 (10th Cir. 1996).

We turn next to Plaintiff's argument that his constitutional rights were violated by his 224-day detention on charges that were later dismissed.  He contends there were problems with the alleged victims' stories, particularly relating to Plaintiff's inability to ejaculate semen, and he argues a reasonable law enforcement officer would have investigated these problems and attempted to obtain Plaintiff's release earlier.  As we stated in *Romero*, it is not clear that individuals have a constitutional right to a reasonable post-arrest investigation.  *See Romero*, 45 F.3d at 1478.  To the extent there is such a right, it must be based on "facts that, at a minimum, demonstrate Defendants acted with

deliberate or reckless intent." *Id.* After thoroughly reviewing the record, we conclude that the officers' post-arrest investigation was, at most, negligent. Thus, Plaintiff has not shown the officers' conduct during his detention violated any potential constitutional right to a reasonable post-arrest investigation.

Finally, we hold that the district court appropriately granted summary judgment to Defendants on Plaintiff's claims of public embarrassment and loss of enjoyment of life on the basis that these alleged injuries can only serve as the basis for damages and do not constitute a constitutional violation in themselves. We also affirm the district court's entry of summary judgment in favor of the police department and town on the basis that Plaintiff did not identify any policy, practice, or custom that would give rise to municipal liability. We further affirm the district court's entry of summary judgment on Plaintiff's excessive force claim as to all Defendants except the arresting officer.

Thus, for the foregoing reasons and for substantially the same reasons given by the district court, we **AFFIRM** the district court's entry of summary judgment as to all claims and all Defendants except Plaintiff's excessive force claim against the arresting officer.

Entered for the Court

Monroe G. McKay
Circuit Judge

-7-